Mortimer Jackson Caldwell v. State of Arkansas

5362                                              431 S.W. 2d 456

Opinion delivered August 26, 1968

*J. Patrick Reilly,* for appellant.

*Joe Purcell,* Atty. Gen.; *Don Langston,* Asst. Atty. Gen., for appellee.

J. Fred Jones, Justice.    The appellant, Mortimer Jackson Caldwell, was tried before a jury in the Phillips County Circuit Court on information filed by the prosecuting attorney charging him with forgery and uttering. He was convicted of the crimes as charged and was sentenced to five years in the penitentiary on each count. On appeal to this court appellant relies on the following points for reversal:

> ''The evidence introduced at the trial was insufficient to prove the Defendant guilty beyond a reasonable doubt and was insufficient to support the verdict of the jury.

''The Court should have granted the Defendant's request for new counsel.''

The record before us reveals that on the night of February 14, 1968, the Dixie Furniture Company in Marvell, Arkansas was burglarized and among the items taken was a check for $300.00 from Helena Federal Savings & Loan to Roy Cope as payee. Cope had given the check to the furniture company in the purchase of a television set and had endorsed the check. This check was subsequently cashed at a drive-in window of the Helena National Bank and at the trial the bank teller who cashed the check, positively identified Caldwell as the individual who presented the check at the teller's window. This witness testified that appellant Caldwell identified himself as James Marvin Graves by use of an Alabama driver's license, issued to James Marvin Graves; that the appellant explained to her that he had sold an automobile to Cope and that the appellant endorsed the check as J. M. Graves in her presence and received cash in exchange for the check. This evidence standing alone is amply sufficient to sustain the conviction, and disposes of appellant's first point.

As to appellant's second point, an attorney was appointed by the trial court to assist the appellant in his defense. At the close of the State's evidence, the appellant stated that he was dissatisfied with the services of his attorney and requested the court to appoint another attorney to represent him. Appellant insisted that one Lonnie Charles McGowen, and not he, had actually cashed the creck and that his attorney had failed to call as a witness a teller at Phillips National Bank who would testify that McGowen had presented the check to that bank in an effort to cash it before McGowen did cash the check at Helena National. The court refused the request for a change in appointed counsel and explained to the appellant that only the State's witnesses had testified at this point. McGowen was called as a witness for appellant and testified that he first became

acquainted with the appellant in Birmingham, Alabama. McGowen testified that he escaped from jail in Montgomery, Alabama on December 22, and his wife borrowed appellant's automobile for the trip to Arkansas. McGowen testified that a boy named Richard Calloway came to Arkansas with him and his wife and that he and Calloway committed eight burglaries in Arkansas including the one at Dixie Furniture Company on February 14. He testified that just prior to February 14, he called the appellant in Alabama to come get his automobile and that the defendant arrived on the 14th. He testified that Calloway assisted in the burglary of the furniture store on the night of February 14, and that he hasn't seen Calloway since that time and does not know where he is. McGowen testified that he took the check in question, along with other items, from the safe in the Dixie Furniture Company burglary and that he and not Caldwell cashed the check. He testified that he first presented the check to Phillips National Bank identifying himself as Graves by use of the Alabama driver's license which had been sent to him by Graves. McGowen testified that at his request, appellant drove him, in appellant's automobile, to the drive-in window of the Helena National Bank where he, and not the appellant, endorsed and cashed the check. He testified that he was sitting on the right side in the front seat of the automobile when he endorsed and cashed the check; that the drive-in bank teller window was on the left and that he just simply leaned over and cashed the check and that the appellant didn't know what was going on. McGowen identified Leona Trainor as the Phillips National Bank teller to whom he first presented the check. Leona Trainor testified that she did not recall the incident and did not remember ever having seen McGowen before she saw him in court.

McGowen had entered pleas of guilty to burglary and larceny and was under sentence at the time of the trial. The jury chose to believe the testimony of Mary Ruth Hallowell, the National Bank teller who cashed the check and positively identified the appellant as the one who presented and endorsed it. This the jury was entitled to do, and finding no error in the trial court's refusal of appellant's request for different counsel, the judgment of the trial court is affirmed.

Affirmed.